UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

TOSHA JOHNSON,

               Plaintiff,

-against-

FDNY, FIRE DEPARTMENT OF NEW YORK,

               Defendant.
-------------------------------------------------------------x

MEMORANDUM AND ORDER
12-CV-2020 (JBW)

Weinstein, United States District Judge.

Plaintiff Tosha Johnson filed this *pro se* action on April 20, 2012. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and for the reasons discussed below, grants plaintiff 30 days leave to file an amended complaint.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, --- U.S.---, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the



action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against the named defendant(s) so that they have adequate notice of the claims against them. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)); Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2dCir. 1991).

Here, plaintiff submits an employment discrimination form complaint, but does not check any of the options on the first page to indicate what federal statute the complaint is being brought under. Moreover, although plaintiff indicates that plaintiff was subjected to unequal terms and conditions of employment and retaliation, plaintiff provides no facts to support such a claim. Instead, plaintiff states that, "[a]t this time I apologize for not having a full case to present as I wasn't prepared as much upon filing suit but wish to disclose proper documentation at a later time for further review." Compl. at 4. Plaintiff does submit a Right to Sue letter dated January 20, 2012

To the extent plaintiff is seeking to maintain an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, as codified under 42 U.S.C. § 2000e-5(e), plaintiff does

2

not state the basis for such a claim. For example, Title VII prohibits discrimination on the basis of race, color, gender, religion and national origin. See 42 U.S.C. § 2000e-5(e). A plaintiff seeking to file a case under the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 ("ADEA") must be at least forty years of age and he must first file charges with the Equal Employment Opportunity Commission ("EEOC") and then wait 60 days after filing the EEOC charge before filing a complaint in federal court. Hodge v. New York Coll. of Podiatric Med., 157 F.3d 164, 168 (2d Cir. 1998).[1] The Americans with Disabilities Act ("ADA") provides that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Ryan v. Grae & Rybicki P.C., 135 F.3d 867, 870 (2d Cir. 1998).

## CONCLUSION

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is granted 30 days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. If plaintiff's claim is based on a prohibited factor (outlined above), plaintiff must utilize the employment discrimination form attached to this order and complete the form to the best of plaintiff's ability. Plaintiff must once again attach a right to sue letter.

Should plaintiff elect to file an amended complaint that is not related to Title VII, the ADA

---

[1] Plaintiff is informed that individuals may not be held liable for claims asserted under the ADEA or Title VII. See Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003); Cherry v. Toussaint, 50 Fed. Appx. 476, 2002 WL 31479004, at *1 (2d Cir. 2002); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Parker v. Metropolitan Transp. Auth., 97 F.Supp.2d 437, 452 (S.D.N.Y. 2000).

or the ADEA, plaintiff is directed to name as proper defendants those individuals who have some personal involvement in the actions plaintiff alleges in the amended complaint and provide the dates and locations for each relevant event. In addition, plaintiff must set forth the factual allegations to support plaintiff's claim against each named defendant and the relief plaintiff is seeking. Plaintiff may attach a copy of the charge filed with the EEOC if available.

The amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. No summonses shall issue at this time and all further proceedings shall be stayed for 30 days. The Clerk of Court is directed to forward an employment discrimination form complaint to plaintiff with this Order. If plaintiff fails to file an amended complaint, the action shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JACK B. WEINSTEIN
United States District Judge

Dated: Brooklyn, New York
4/27/2012